## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

| | | |
|---|---|---|
| **MOUSSA DIARRA,** | : | |
| | : | |
| **Petitioner,** | : | |
| **v.** | : | |
| | : | **NO. 5:21-cv-250-MTT-MSH** |
| | : | |
| **AL-FURQAAN FOUNDATION,**[1] | : | |
| | : | **ORDER** |
| **Respondent.** | : | |
| | : | |

Petitioner Moussa Diarra, a pretrial detainee in the Dekalb County Jail in Decatur, Georgia, has filed a Petition for Writ of Mandamus.   ECF No. 1.   He has also moved to proceed *in forma pauperis*.   ECF No. 2.

### I.    MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

As it appears Petitioner is unable to pay the cost of commencing this action, his application to proceed *in forma pauperis* is hereby **GRANTED**.     ECF No. 2.

However, even if a prisoner is allowed to proceed *in forma pauperis*, he must nevertheless pay the full amount of the $350.00 filing fee.   28 U.S.C. § 1915(b)(1).   If the prisoner has sufficient assets, he must pay the filing fee in a lump sum.   If sufficient assets are not in the account, the court must assess an initial partial filing fee based on the assets available.   Despite this requirement, a prisoner may not be prohibited from bringing a civil action because he has no assets and no means by which to pay the initial partial filing fee.

---

[1] Petitioner seeks to mandamus the "Al-Furqann Foundation."   ECF No. 1 at 1.   The Court assumes he is referring to the "Al-Furqaan Foundation."

28 U.S.C. § 1915(b)(4). In the event the prisoner has no assets, payment of the partial filing fee prior to filing will be waived.

Petitioner's submissions indicate that he is unable to pay the initial partial filing fee. Accordingly, it is hereby **ORDERED** that his complaint be filed and that he be allowed to proceed without paying an initial partial filing fee.

Hereafter, Petitioner will be required to make monthly payments of 20% of the deposits made to his prisoner account during the preceding month toward the full filing fee. The agency having custody of Petitioner shall forward said payments from Petitioner's account to the clerk of the court each time the amount in the account exceeds $10.00 until the filing fees are paid. 28 U.S.C. § 1915(b)(2). The clerk of court is **DIRECTED** to send a copy of this Order to the Dekalb County Jail.

I.   Directions to Petitioner's Custodian

Because Petitioner has now been granted leave to proceed *in forma pauperis* in the above-captioned case, it is hereby **ORDERED** that the warden of the institution wherein Petitioner is incarcerated, or the Sheriff of any county wherein he is held in custody, and any successor custodians, each month cause to be remitted to the CLERK of this Court twenty percent (20%) of the preceding month's income credited to Petitioner's trust account at said institution until the $350.00 filing fee has been paid in full. The funds shall be collected and withheld by the prison account custodian who shall, on a monthly basis, forward the amount collected as payment towards the filing fee, provided the amount in the prisoner's account exceeds $10.00. The custodian's collection of payments shall

continue until the entire fee has been collected, notwithstanding the dismissal of Petitioner's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

      II.    <u>Petitioner's Obligations Upon Release</u>

An individual's release from prison does not excuse his prior noncompliance with the provisions of the PLRA.   Thus, in the event Petitioner is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay those installments justified by the income to his prisoner trust account while he was still incarcerated.   The Court hereby authorizes collection from Petitioner of any balance due on these payments by any means permitted by law in the event Petitioner is released from custody and fails to remit such payments.   Petitioner's Complaint may be dismissed if he is able to make payments but fails to do so or if he otherwise fails to comply with the provisions of the PLRA.

## II.    STANDARD OF REVIEW

A district court is obligated to conduct a preliminary screening of every complaint when the Plaintiff or Petitioner is proceeding *in forma pauperis*.   28 U.S.C. § 1915(e)(2). When conducting a preliminary screening, the Court must accept all factual allegations in the complaint as true.   *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006), *abrogated in part on other grounds by Wilkins v. Gaddy*, 559 U.S. 34 (2010); *Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003).   But under 28 U.S.C. § 1915, the Court may "pierce the veil of the complaint's factual allegations and dismiss those claims whose factual

contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).   Pro se pleadings, like the one in this case, are "held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Hughes*, 350 F.3d at 1160 (quotation marks and citation omitted).   Still, the Court must dismiss a prisoner complaint if it "is frivolous, malicious; . . . fails to state a claim on which relief may be granted; or . . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915(e)(2)(B).

A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (internal quotation marks omitted).   A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).   The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "merely create[] a suspicion [of] a legally cognizable right of action." *Twombly*, 550 U.S. at 555 (first alteration in original).   In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id*. at 556.   "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

### III.   FACTUAL ALLEGATIONS

Petitioner states that the Court has diversity jurisdiction and lists the Respondent's

address as 1477 Commonwealth Ave., Bronx, NY 10460.   ECF No. 1 at 1, 3.

Petitioner states that he is a "religious figure" and Respondent "is an Islamic foundation [that] has [an] obligation related or arising from mutual rights, equality rights and is an endorse (sic) foundation for Petitioner."   *Id*. at 3.   He also alleges that the Al-Furqaan Foundation is an "Islamic charity" that "awarded" Petitioner money during a "past Ramadan."   *Id*.   Apparently, Respondent has not paid this money.

Petitioner indicates that various unnamed "trial judges, attorneys, persons, association[s] of persons, firms, partnerships, or corporations" have unlawfully interfered with Petitioner's legal rights.   *Id*. at 2.   This interference has apparently included attempts to have Respondent breach its "fiduciary duty" owed to Petitioner.   *Id*.

Petitioner requests the Court enter an "order prohibiting any and all unlawful interference with Petitioner or [Respondent] and retaliation by known and unknown" entities.   *Id*.   Petitioner wants the Court to have Respondent "make proper written follow ups for the financial statements which are required in accordance with applicable laws for services involving research, studys (sic), marketing, travel, and other accommodations or personal assistant (sic) for business and medical attention."   *Id*.   Finally, Petitioner requests the Court order Respondent to "wire payments that's (sic) past due in [$]20,000, [$]20,000, [$]114,000, [$]56,000 and [$]69,000 . . . to Petitioner immediately."   *Id*. at 3.

## IV.   ANALYSIS

This action must be dismissed for two reasons.   First, the factual allegations are clearly baseless, fanciful, or delusional.   Over the last thirty days, Petitioner has filed

numerous complaints and petitions in this Court.[2]    In most, if not all, Petitioner's allegations are utterly outlandish.   For example, Petitioner has claimed to be a "foreign national,"[3] an "ambassador" of some unnamed country,[4] a direct descendant of Tupac Shakur to whom Snoop Dogg owes money,[5] as well as a close friend of Beyonce Knowles and her husband Jay-Z.[6]   In this petition, he states that he is a "religious figure" that was awarded money by an Islamic charitable foundation that then failed to pay the award.   ECF No. 1 at 1-3.

The liberal construction that applies to pro se pleadings cannot serve as a substitute for establishing a cause of action, and if the Court determines that the factual allegations in a complaint are "clearly baseless" the complaint must be dismissed as frivolous. *Neitzke*, 490 U.S. at 327.   Examples of "clearly baseless" factual allegations are those

---

[2]  In addition to this action, Plaintiff filed the following complaints or petitions in this Court during in July 2021:   *See Diarra v. West Cent. Ga. Reg'l Hosp.*, 4:21-cv-112-CDL-MSH (filed July 2, 2021); *Diarra v. Dekalb Cty. Jail*, 4:21-cv-113-CDL-MSH (filed July 2, 2021); *Diarra v. Kemp*, 4:21-cv-114-CDL-MSH (filed July 2, 2021); *Diarra v. ROC National LLC*, 4:21-cv-115-CDL-MSH (filed July 2, 2021); *Diarra v. Dep't of Health and Human Serv.*, 4:21-cv-116-CDL-MSH (filed July 2, 2021); *Diarra v. Connolly*, 5:21-cv-247-MTT-CHW (filed July 21, 2021); *Diarra v. Brown*, 5:21-cv-249-TES-CHW (filed July 21, 2021); *Diarra v. Broadus*., 5:21-cv-251-MTT-CHW (filed July 21, 2021); *Diarra v. Comm'r of the Soc. Sec. Admin.*, 5:21-cv-252-TES-MSH (filed July 21, 2021); *Diarra v. ACCC Ins. Co.*, 5:21-cv-248-TES-CHW (filed July 21, 2021); *Diarra v. Fed. Bureau of Investigation*, 5:21-cv-253-TES-MSH (filed July 21, 2021).

[3]  *Diarra v. Kemp*, 4:21-cv-114-CDL-MSH (filed July 2, 2021) (alleging a widespread conspiracy involving local authorities, Governor Brian Kemp, and President Joe Biden to unlawfully arrest Plaintiff, who is a foreign national and a sovereign citizen).

[4]  *Diarra v. Fed. Bureau of Investigation*, 5:21-cv-253-TES-MSH (filed July 21, 2021) (alleging the FBI has refused to intervene on various occasions when numerous local law enforcement authorities conspired against and kidnapped Plaintiff, who is an ambassador of an unnamed country).

[5]  *Diarra v. Broadus*, 5:21-cv-251-MTT-CHW (filed July 21, 2021) (seeking to mandamus Calvin Broadus, a/k/a Snoop Dogg to pay money allegedly owed to Petitioner, because he is a direct descendant of Tupac Shakur).

[6]  *Diarra v. ROC National LLC*, 4:21-cv-115-CDL-MSH (filed July 2, 2021) (seeking to mandamus Beyonce Knowles and others because Beyonce, with whom Petitioner has a longstanding personal relationship, failed to follow through on her promise to give him $100,000).

"describing fantastic or delusional scenarios." *Id*. at 328; *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (citing *Neitzke*, 490 U.S. at 325-28) (stating that a court may dismiss a claim as factually frivolous if the facts alleged are clearly baseless, fanciful, fantastic, or delusional). Petitioner's factual allegations "rise to the level of the irrational or wholly incredible" and, therefore, the action must be dismissed as frivolous. *Denton*, 504 U.S. at 33.

Second, even if Petitioner's allegations were not outlandish, the Court could not grant mandamus relief against Respondent. Pursuant to 28 U.S.C. § 1361, "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." The Al Furqaan Foundation is not an officer, employee, or agency of the United States. The Court, therefore, cannot issue a writ of mandamus compelling it to take any action in relation to Petitioner or pay Petitioner any sum of money.

Accordingly, this action is **DISMISSED** with prejudice as frivolous.[7] 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

---

[7] "A claim is frivolous if and only if it 'lacks and arguable basis either in law or in fact.'" *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (citation omitted). Using this standard, Plaintiff's claims are frivolous. No amendment could overcome this obstacle to recovery. A dismissal with prejudice without allowing amendment is, therefore, appropriate. *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) (citing *Burger King Corp. v. C. R. Weaver*, 169 F.3d 1310, 1319 (11th Cir. 1999) (finding no need to allow amendment before dismissing with prejudice if amendment would be futile); *Dysart v. BankTrust*, 516 F. App'x. 861, 865 (11th Cir. 2013) (finding that "district court did not err in denying [plaintiff's] request to amend her complaint because an amendment would have been futile"); *Simmons v. Edmondson*, 225 F. App'x. 787, 788-89 (11th Cir. 2007) (finding district court did not err in dismissing complaint with prejudice without first giving plaintiff opportunity to amend because no amendment could overcome the defendants' immunity and would have, therefore, been futile).

**SO ORDERED**, this 5th day of August, 2021.


S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT